2019R00500/COH/RDW/BAW/fk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert B. Kugler, U.S.D.J. |
| v. | : | Crim. No. 19-191 (RBK) |
| BRIAN PUGH, | : | JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | <u>(MONEY JUDGMENT)</u> |

On or about July 14, 2022, pursuant to a plea agreement with the United States, defendant Brian Pugh pleaded guilty to a one-count Superseding Information that charged him with conspiring to defraud a health care benefit program, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349.  In the plea agreement, the defendant agreed to forfeit all property the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1349 to which he agreed to plead guilty.  In the plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets in an amount not to exceed the amount of the gross proceeds he obtained (the "Money Judgment").

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence

that may be imposed in this case; waived any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment.  The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

At the defendant's sentencing on December 12, 2022, the Court found that: (i) the defendant received $437,603.76 in gross proceeds traceable to the violation of 18 U.S.C. § 1349 of which he was convicted; and (ii) the entirety of the gross proceeds the defendant obtained were subject to forfeiture, regardless of whether the defendant ultimately retained the entirety of that amount.  *See Honeycutt v. United States*, 137 S. Ct. 1626, 1632-33 (2017); *United States v. Scarfo*, 41 F.4th 136, 218 (3d Cir. 2022); *United States v. Tanner*, 942 F.3d 60, 64, 67-68 (2d Cir. 2019).  In addition, the Court found that the criminal forfeiture statute applicable to health care fraud, 18 U.S.C. § 982(a)(7), requires the sentencing court to order the defendant to forfeit the gross proceeds of the offense.  *See, e.g., United States v. Luna*, 968 F.3d 922, 930-31 (8th Cir. 2020).

Based upon the foregoing, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. All property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds the defendant obtained that are

traceable to the federal health care offense of which the defendant has been convicted is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7).

2. The defendant having acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the gross proceeds obtained by the defendant, which was $437,603.76. Therefore, a Money Judgment in the amount of $437,603.76 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(7) and (b), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by: (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. The defendant having been sentenced on December 12, 2022 to, *inter alia*, criminal forfeiture in accordance with this Order, all payments on the Money Judgment are forfeited to the United States of America and shall be deposited in the Assets Forfeiture Fund.

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any

discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

6.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

7.  The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $437,603.76.

8.  This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

                                              HONORABLE ROBERT B. KUGLER
                                              United States District Judge

Dated: December 16th, 2022